UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GARY PURDOM, | ) |
| Movant, | ) |
| v. | ) No. 4:04-CV-1614 (CEJ) |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of Gary Purdom to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. The United States has filed a response, and the issues are fully briefed.

**I. Background**

On September 18, 2003, Purdom pled guilty to conspiracy to manufacture and distribute in excess of 500 grams of methamphetamine, in violation of 21 U.S.C. § 846 and 841(a)(1). The offense was punishable under 21 U.S.C. § 841(b)(1)(A)(viii), which provided for a sentence of imprisonment of not less than ten years and not more than life.

Contemporaneously with his guilty plea, Purdom signed a document titled "Plea Agreement, Guidelines Recommendations and Stipulations." In that document, Purdom agreed that he was responsible for more than 1.5 kilograms and less than 5 kilograms of methamphetamine. Based on this quantity, Purdom and the government recommended that his base offense level was 34, pursuant

to U.S.S.G. § 2D1.1.  Purdom admitted that he obtained pseudoephedrine and anhydrous ammonia, key ingredients needed to manufacture the methamphetamine, from a number of other individuals.  Thus, Purdom and the government recommended that a four-level increase in Purdom's offense level be applied, pursuant to U.S.S.G. § 3B1.1(a), based on Purdom's role as an organizer and leader of a criminal activity that involved five or more participants.  The parties also recommended a three-level decrease in Purdom's offense level for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1(a) and (b)(2).  As set forth in the plea agreement, Purdom understood that additional or different sentencing guidelines could be applied in determining his sentence.

The presentence report incorporated the sentencing guideline recommendations discussed above.  However, in the report Purdom was assessed a two-level increase for firearm possession under U.S.S.G. § 2D1.1(B)(1).  The facts supporting this increase arose from the execution of a search warrant at Purdom's residence.  During the search, law enforcement officers found two firearms in Purdom's bedroom along with a quantity of methamphetamine and some pseudoephedrine tablets.  Additionally, paraphernalia related to the manufacture of methamphetamine was found elsewhere in the house and currency was found in Purdom's possession.  Purdom's counsel objected to the increase, but the Court overruled it, finding that there was a nexus between the firearms and Purdom's possession and

manufacture of methamphetamine and it was not clearly improbable that the firearms were connected with the offense.

On December 4, 2003, Purdom was sentenced to a term of imprisonment of 210 months. He did not appeal the judgment.

In the instant motion, Purdom asserts the following grounds for relief: (1) that his sentence was illegally enhanced based on factual findings made by the Court instead of by a jury; and (2) he was denied effective assistance of counsel.

**II. <u>Sentencing</u>**

As discussed above, Purdom stipulated to the quantity of methamphetamine for which he was responsible and he stipulated to his leadership role in the offense. Purdom's contradiction of these facts is belied by the record.

The Court found that the facts relating to the firearms and other evidence found during the search of Purdom's home supported the two-level increase under U.S.S.G. § 2D1.1(b)(1). Firearms were not mentioned in the indictment or in the plea agreement, and Purdom did not admit to possessing them. Thus, Purdom argues that the Court's determination that he possessed dangerous weapons resulted in a denial of his Sixth Amendment right to have a jury determine the facts on which her sentence was based, as required by the ruling in <u>United States v. Booker</u>, 543 U.S. 220 (2005).

The rule announced in <u>Booker</u> does not apply retroactively on collateral review. <u>United States v. Hernandez</u>, 436 F.3d 851, 855

(8th Cir. 2006); Never Misses A Shot v. United States, 413 F.3d 781, 783 (8th Cir. 2005). The Booker ruling has no effect on convictions that were final before the case was decided. Here, the judgment was entered on December 3, 2003, and Purdom did not seek appellate review. Thus, his conviction became final well before Booker was decided. Purdom is not entitled to relief on this claim.

### III. Ineffective Assistance of Counsel

To prevail on a claim of ineffective assistance of counsel, a movant must show that his attorney's performance fell below an objective standard of reasonableness and that he was prejudiced thereby. Strickland v. Washington, 466 U.S. 668, 687 (1984). The movant must show that his attorney's errors were so serious that they deprived him of his Sixth Amendment right to counsel and denied him the right to a fair trial. Id. In the context of a guilty plea, the movant must demonstrate that but for counsel's errors, he would not have pled guilty, but instead would have insisted on going to trial. Id. at 694.

Purdom's ineffective assistance claim is based on the allegation that his attorney failed to object to the calculation of his offense level. This claim is wholly without merit. Defense counsel did object to the offense level increase based on firearms possession. The objection was overruled based on the facts and the law—--not because of any deficiency in counsel's performance.

Additionally, counsel did not render ineffective assistance by failing to object to the drug quantity and leadership role guidelines on which the offense level calculation was based. Purdom recommended that these guidelines be applied, and he admitted to facts that supported their application. A defendant's objection to matters that he previously stipulated to could be viewed as a breach of the plea agreement or a lack of acceptance of responsibility. Counsel was not deficient by refraining from make objections that could have adversely affected Purdom.

    **IV. Conclusion**

For the foregoing reasons, the Court concludes that Purdom is not entitled to the relief he seeks.

    Accordingly,

    **IT IS HEREBY ORDERED** that the motion of Gary Purdom to vacate, set aside, or correct sentence [Doc. #1] is **denied**. The Court finds that the movant has not made a substantial showing of the denial of a constitutional right. Therefore, the Court will not issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2).

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 5th day of March, 2008.